IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARDO REYES,

    Plaintiff,

v.

PREMIER HOME FUNDING, INC., et al.,

    Defendants.
_____/

Related Third-Party Claims.
_____/

No. C 08-04606 JSW

**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED**

    In the motion to reopen this action, defendant, formerly World Savings Bank, FSB, renamed to Wachovia Mortgage, FSB and now merged into Wells Fargo Bank, N.A. ("Wells Fargo") requested that this action be transferred to the Central District of California. However, Wells Fargo has since clarified that it does not intend to formally move to transfer this action, despite the fact that all of the witnesses and the remaining parties, except for one in Texas, either reside in are or headquartered in the Central District of California. Courts may "transfer a case *sua sponte* under the doctrine of *forum non conveniens,* as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986).

    Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally, for the convenience of the parties and witnesses, and in the interest of justice. District courts use a two-step analysis to determine whether

1 transfer is proper. Step one considers the threshold question of whether the action might have 2 been brought in the district to which transfer is sought. *Id.* If venue is proper in the transferee 3 district, the district court has discretion "to adjudicate motions for transfer according to an 4 individualized, case-by-case consideration of convenience and fairness." *Steward Org., Inc. v.* 5 *Ricoh Corp.*, 487 U.S. 22, 29 (1988). The court considers relevant factors, such as the 6 plaintiff's choice of forum, the local interest in the issue, the relative ease of access to evidence, 7 the availability of compulsory process for unwilling witnesses and the cost involved in securing 8 willing witnesses, the familiarity of each forum with applicable law, and the relative court 9 congestion in each forum. *Decker Coal. Co. v. Commonwealth Edison Co*, 805 F.2d 834, 843 10 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

The Court is providing the parties to present their views on this issue through this Order to Show Cause ("OSC"). The parties are HEREBY ORDERED to Show Cause in writing by no later than February 21, 2014 why this case should not be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a).

The Court FURTHER ORDERS that the case management conference currently set for February 14, 2014 is VACATED. The Court will reschedule the case management conference if necessary at a later date.

**IT IS SO ORDERED.**

Dated: February 6, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BERNARDO REYES,

        Plaintiff,

  v.

PREMIER HOME FUNDING, INC, ET AL et al,

        Defendant.

Case Number: CV08-04606 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

G.M. Candelario
Joel Madera Candelario
8592 Fairmont Circle
Westminster, CA 92683

Dated: February 6, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk